# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

STEVE MAPP,

    Plaintiff,

v.

WARDEN DOUG WILLIAMS; MRS. YARBROUGH; WARDEN GRAMIAK; and EDWINA JOHNSON,

    Defendants.

CIVIL ACTION NO.: 5:16-cv-56

## O R D E R

Plaintiff, who is currently incarcerated at Ware State Prison in Waycross, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at Smith State Prison in Glennville, Georgia, and while he was housed at Ware State Prison. (Doc. 1.) The Court granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (Doc. 3.) For the reasons which follow, the Court **DEFERS** conducting a frivolity review of Plaintiff's Complaint and **DIRECTS** Plaintiff to file an Amended Complaint within **fourteen (14) days** of the date of this Order.

## BACKGROUND

In his Complaint, Plaintiff levies several allegations against the named Defendants. For example, Plaintiff contends he fell in the shower on September 1, 2015, while he was incarcerated at Smith State Prison, and he reported this to medical staff two days later. (Doc. 1, p. 5.) Plaintiff contends that Dr. Jefferson x-rayed his hip, and the x-ray revealed that Plaintiff's hip was dislocated. Plaintiff was referred to an orthopedic doctor, who opined Plaintiff would

need surgery due to the lack of emergency care he received.  Plaintiff maintains he was forced to remain on the top bunk and use a shower without handicapped-accessible seating or stabilization bars from the date of his fall until he was transferred.  (Id.)  According to Plaintiff, he "continuously inquired" of Defendant Yarbrough regarding his concerns over the severity of his injury and the pain associated with that injury, yet she failed to show any concern for his health.  (Id. at p. 6.)  Plaintiff asserts Defendants Yarbrough and Williams "had direct knowledge and the authority" to accommodate his lack of mobility and initiate medical care but failed to do so.  (Id. at p. 7.)

Plaintiff also states he was transferred to Ware State Prison in January 2016, presumably for medical treatment.  However, Plaintiff states Ware State Prison does not have the necessary medical capabilities to treat his injury or handicap accessibility to allow him to shower without the risk of permanent injury.  Plaintiff asserts he has "consistently inquired" of Defendants Johnson and Gramiak about his grievance appeal and why he was transferred to a facility that does not have disability accommodations.  (Id. at p. 10.)

Plaintiff contends he was housed in administrative segregation at Ware State Prison and fell again in the shower at the end of June or the beginning of July.  Plaintiff asserts that he is on crutches and has limited mobility, and Defendants' continual denial of medical care and treatment could lead to degenerative bone loss and impede his ability to recover from any surgical procedure he may have.  (Id. at 12.)  Plaintiff avers staff have threatened him after he has filed legitimate grievances, and these threats have kept him in segregation without due process.  Plaintiff spoke to Defendant Johnson about his need for an accommodation, and she provided him with a milk crate for use in the shower.

Plaintiff maintains Defendants' action have violated his rights under the Americans with Disabilities Act, the Rehabilitation Act, his Eighth Amendment rights, and his right to due process. (Id. at p. 15.) Plaintiff seeks monetary damages, injunctive relief, and a declaratory judgment.

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without

arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

While Plaintiff's Complaint ostensibly sets forth a common legal theory, deliberate indifference, he sets forth unrelated, yet distinct, claims. A plaintiff may not join claims and various defendants in one action unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). Plaintiff's claims arise out of numerous different transactions and occurrences that are not sufficiently related to each other to be asserted in one lawsuit.

Accordingly, Plaintiff's Complaint in its current form fails to state a viable claim. However, the Court will provide Plaintiff the opportunity to amend his Complaint and **DEFERS** frivolity review until such Complaint is filed. The amended complaint must include which claim or related claims Plaintiff wishes to pursue in this action and to specify the persons he intends to sue. Additionally, Plaintiff's claims must be limited to those that arose from the same transaction or occurrence or series of related transaction or occurrences. Plaintiff may submit a separate complaint or complaints for his other claims. After Plaintiff files an Amended Complaint, the Court will conduct the requisite frivolity review. If Plaintiff does not file an appropriate Amended Complaint, the Court may dismiss this action for failure to prosecute and failure to follow this Court's Orders. Smith v. Owens, 625 F. App'x 924, 928 (11th Cir. 2015) (upholding this Court's dismissal for failure to comply with Federal Rule of Civil Procedure 20(a)); Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (upholding dismissal for failure to prosecute Section 1983 claims where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

## CONCLUSION

For the above stated reasons, the Court **DIRECTS** Plaintiff to amend his Complaint within **fourteen (14) days** of the date of this Order to identify the Defendant (or Defendants) whom he alleges violated his constitutional rights and to assert coherent factual allegations supporting his related claims. Should Plaintiff fail to abide by this directive, the Court will dismiss this case for failure to prosecute and failure to follow a court Order.

**SO ORDERED**, this 20th day of September, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA