**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

STEVE MAPP,

      Plaintiff,

      v.

WARDEN DOUG WILLIAMS; MRS.
YARBROUGH; WARDEN GRAMIAK; and
EDWINA JOHNSON,

      Defendants.

CIVIL ACTION NO.: 5:16-cv-56

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Ware State Prison in Waycross, Georgia, filed the above-captioned cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at Smith State Prison in Glennville, Georgia, and while he was housed at Ware State Prison. (Doc. 1.) The Court granted Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 3.). I deferred conducting the requisite frivolity review of Plaintiff's Complaint because Plaintiff set forth unrelated claims. I also directed Plaintiff to file an Amended Complaint within fourteen (14) days of that Order. (Doc. 7.) Plaintiff has now filed an Amended Complaint and states that he wishes to pursue his claims against Defendants Williams and Yarbrough only. (Doc. 8.) Based on the representations made in his Amended Complaint, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Gramiak and Johnson **without prejudice**. I also **RECOMMEND** the Court **DISMISS** Plaintiff's monetary damages claims against Defendants Williams and Yarbrough in their official capacities. The Court **DIRECTS** the United States Marshal to serve Defendants Williams and

Yarbrough with a copy of Plaintiff's Complaint, Amended Complaint, and this Order. Plaintiff also filed a Motion to Appoint Counsel, and the Court **DENIES** that Motion. (Doc. 9.)

## DISCUSSION

In his Amended Complaint, Plaintiff contends he fell in the shower on September 1, 2015, while he was incarcerated at Smith State Prison, and he reported this to medical staff two days later. (Doc. 8, p. 3.) Plaintiff claims that Dr. Jefferson x-rayed his hip, and the x-ray revealed that Plaintiff's hip was dislocated. Plaintiff was referred to an orthopedic doctor, who opined Plaintiff would need surgery due to the lack of emergency care he received. Plaintiff maintains he was forced to remain on the top bunk and use a shower without handicapped-accessible seating or stabilization bars from the date of his fall. (Id.) According to Plaintiff, he "continuously inquired" of Defendant Yarbrough regarding his concerns over the severity of his injury and the pain associated with that injury, yet she failed to show any concern for his health. (Id. at pp. 4–5.) Plaintiff asserts Defendants Yarbrough and Williams "had actual knowledge" of and the authority to accommodate his lack of mobility and to initiate medical care but failed to do so. (Id. at pp. 3–4.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the

Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and

3

dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349

(quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of

unrepresented parties are held to a less stringent standard than those drafted by attorneys and,

therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v.

Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent

standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350

F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse

mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We

have never suggested that procedural rules in ordinary civil litigation should be interpreted so as

to excuse mistakes by those who proceed without counsel."). The requisite review of Plaintiff's

Complaint raises several doctrines of law, which the Court discusses in turn.

## DISCUSSION

### I.     Motion to Appoint Counsel (Doc. 9)

In this civil case, Plaintiff has no constitutional right to the appointment of

counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170

F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1),

appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and

should appoint counsel only in exceptional circumstances." Id. (citing Bass, 170 F.3d at 1320).

Appointment of counsel in a civil case is a "privilege that is justified only by exceptional

circumstances, such as where the facts and legal issues are so novel or complex as to require the

assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990)

(citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), and Wahl v. McIver, 773 F.2d

1169, 1174 (11th Cir. 1985)). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. While the Court understands that Plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." Hampton v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." Id. (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015); Wright, 562 F. App'x at 777; Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir. 2013); McDaniels, 405 F. App'x at 457; Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010); Fowler, 899 F.2d at 1091, 1096; and Wahl, 773 F.2d at 1174). This case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court. For these reasons, the Court **DENIES** Plaintiff's Motion.

## II.     Claims for Monetary Damages Against Defendants in Their Official Capacities

To the extent Plaintiff seeks to sue Defendants Williams and Yarbrough in their official capacities, Plaintiff cannot sustain a Section 1983 claim for monetary damages against Defendants in their official capacities. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S.

706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under Section 1983. Id. at 71. Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of the Georgia Department of Corrections. Accordingly, the Eleventh Amendment immunizes these actors from suit in their official capacities. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants Williams and Yarbrough in their official capacities for monetary relief.[1] The Court should **DISMISS** these claims.

## III.     Plaintiff's Deliberate Indifference Claims

The Eighth Amendment imposes duties on prison officials including the duty to take reasonable measures to ensure the safety of inmates. Farmer v. Brennan, 511 U.S. 825, 828 (1994). This right to safety is violated when a defendant shows a deliberate indifference to a substantial risk of serious harm. Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (citing Farmer, 511 U.S. at 828). In order to prevail on such a claim, the plaintiff must establish the following: (1) there was a substantial risk of serious harm to him; (2) defendant showed a deliberate indifference to this risk; and (3) there is a causal connection between the defendant's acts or omissions and the alleged constitutional deprivation. Id.

In the medical care context, the standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison

---

[1] In his Amended Complaint, Plaintiff sues Defendants only in their official capacities. (Doc. 8, pp. 2–3.) However, in his original Complaint, Plaintiff sues Defendants in both their official and individual capacities. (Doc. 1, p. 5.) The Court construes Plaintiff's pleadings liberally, as it must at this stage, and considers Plaintiff to have intended to name Defendants in both their official and individual capacities in his Amended Complaint.

6

official exhibits a deliberate indifference to the serious medical needs of an inmate.  Farmer, 511

U.S. at 828.  However, "not every claim by a prisoner that he has not received adequate medical

treatment states a violation of the Eighth Amendment."  Harris v. Thigpen, 941 F.2d 1495, 1505

(11th Cir. 1991) (quoting Estelle, 429 U.S. at 105).  Rather, "an inmate must allege acts or

omissions sufficiently harmful to evidence deliberate indifference to serious medical

needs."  Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three

obstacles.  The prisoner must: (1) "satisfy the objective component by showing that [he] had a

serious medical need"; (2) "satisfy the subjective component by showing that the prison official

acted with deliberate indifference to [his] serious medical need"; and (3) "show that the injury

was caused by the defendant's wrongful conduct."  Goebert v. Lee Cty., 510 F.3d 1312, 1326

(11th Cir. 2007).  A medical need is serious if it "'has been diagnosed by a physician as

mandating treatment or [is] one that is so obvious that even a lay person would easily recognize

the necessity for a doctor's attention.'"  Id. (quoting Hill, 40 F.3d at 1187).  As for the subjective

component, the Eleventh Circuit has consistently required that "a defendant know of and

disregard an excessive risk to an inmate's health and safety."  Haney v. City of Cumming, 69

F.3d 1098, 1102 (11th Cir. 1995).  Under the subjective prong, an inmate "must prove three

things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by

conduct that is more than [gross] negligence."  Goebert, 510 F.3d at 1327.  "The meaning of

'more than gross negligence' is not self-evident[.]"  Id.

To prove a delay in providing medical treatment caused harm, a plaintiff must present

evidence of: "'(1) the seriousness of the medical need; (2) whether the delay worsened the

medical condition; and (3) the reason for the delay.'"  Keele v. Glynn Cty., Ga., 938 F. Supp. 2d

1270, 1292 (S.D. Ga. 2013) (quoting <u>Goebert</u>, 510 F.3d at 1327). However, "'accidental inadequacy, negligence in diagnosis or treatment, [and] medical malpractice'" are insufficient to sustain a claim of deliberate indifference. <u>Id.</u> (alteration in original) (quoting <u>Nimmons v. Aviles</u>, 409 F. App'x 295, 297 (11th Cir. 2011)). In addition, a plaintiff who asserts that a delay in obtaining medical treatment amounts to a constitutional violation is required to submit verifying medical evidence into the record "to establish the detrimental effect of [any] delay in medical treatment to succeed." <u>McDaniels v. Lee</u>, 405 F. App'x 456, 458–59 (11th Cir. 2010) (internal citation omitted).

Plaintiff sets forth plausible claims that he had serious medical needs and that Defendants Williams and Yarbrough were deliberately indifferent to those needs. Specifically, Plaintiff alleges that both Defendants were aware of his hip dislocation and that he was in tremendous pain and needed surgery, yet they ignored his condition and requests for medical attention and accommodation. In addition, Plaintiff sets forth a plausible claim that Defendants delayed treatment for Plaintiff's condition, which may have exacerbated that condition. Thus, Plaintiff's deliberate indifference claims survive frivolity review.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS** all monetary damages claims against Defendants Williams and Yarbrough in their official capacities. I also **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Gramiak and Johnson **without prejudice**.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address

any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

## REMAINING CLAIMS AND DEFENDANTS

Plaintiff's allegations in his Complaint arguably state colorable claims for relief under 42 U.S.C. § 1983 for deliberate indifference to serious medical needs against Defendants Williams and Yarbrough. Consequently, a copy of Plaintiff's Complaint, Amended Complaint, and a copy of this Order shall be served upon Defendants Williams and Yarbrough by the United States Marshal without prepayment of cost. The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

**INSTRUCTIONS TO DEFENDANTS**

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that the United States Marshal effect service. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendants are further advised that the Court's standard 140 day discovery period will commence upon the filing of the last answer. Local Rule 26.1. Defendants shall ensure that all discovery, including the Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As the Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the

witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## <u>INSTRUCTIONS TO PLAINTIFF</u>

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally, Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local Rule 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local Rule 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local Rule 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as Defendants. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents (\$.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents (\$.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the

pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution and failure to follow the court's orders if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by

reliance on the conclusory allegations contained within the complaint. Should the Defendants'

motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if

he desires to contest the Defendants' statement of the facts. Should Plaintiff fail to file opposing

affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual

assertions made in Defendants' affidavits will be accepted as true and summary judgment may

be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 1st day of November,

2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA